IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02730-WYD-BNB

DAVID FRAZIER; and
JUSTIN D. CLAIBORNE,

      Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE,

      Defendant.

---

**ORDER DENYING MOTION TO DISMISS**

---

I.    <u>INTRODUCTION</u>

      Plaintiffs filed their Second Amended and Supplemental Complaint and Jury

Demand ("Complaint") on June 25, 2009.  Plaintiffs bring six (6) claims for relief based

upon their employment with Arapahoe County.  The First, Third, and Fifth Claims are

brought under 42 U.S.C. § 1981, and allege a hostile work environment based on race,

disparate and discriminatory terms and conditions of employment based on race, and

disparate terms and conditions resulting from retaliation.  The Second, Fourth, and Sixth

Claims generally parallel the First, Third, and Fifth Claims, but are grounded in Title VII

rather than § 1981.

      Defendant filed a Partial Motion to Dismiss Second and Supplemental Complaint

and Jury Demand ("Motion to Dismiss") on July 6, 2009.  The Motion to Dismiss seeks

to dismiss Plaintiffs' Second, Fourth and Sixth Claims on the basis that they are partially

based on allegations and events which were not alleged or addressed in charges of

discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and therefore are administratively barred. As a result, Defendant argues that this Court lacks subject matter jurisdiction over these claims pursuant to Fed. R. Civ. P. 12(b)(1).[1]

Plaintiffs filed a response to the motion on July 27, 2009, and a reply was filed on August 11, 2009. For the reasons stated below, the Motion to Dismiss is granted in part and denied in part.

II.   ANALYSIS

   A.   Standard of Review

A motion to dismiss under Rule 12(b)(1) can be either a facial attack on the sufficiency of the allegations of the complaint as to subject matter jurisdiction or a challenge to the actual facts upon which subject matter jurisdiction is based. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). In a factual attack, as here, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The court may not presume the truthfulness of the complaint's factual allegations. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

   B.   Whether Dismissal Is Appropriate

      1.   Justin Claiborne's Title VII Retaliation Charge

Defendant asserts that Plaintiff Justin Claiborne ("Claiborne") is administratively barred from asserting his retaliation claim because he checked only the boxes marked

---

[1] Defendant does not seek dismissal of the claims under 42 U.S.C. § 1981. Indeed, that would be inappropriate since, unlike Title VII, § 1981 does not require a plaintiff to file administrative charges. *See Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1514 (10th Cir. 1997).

"race" and "color" in his EEOC Charge of Discrimination and did not check the box pertaining to retaliation. (*See* Ex. A to Mot. to Dismiss.) As a result, Defendant argues that there is a presumption that Claiborne did not allege these claims when he filed his Charge of Discrimination with the EEOC. Further, Defendant asserts that although Claiborne mentions the word "retaliation" in the text of his charge, the presumption is not rebutted with respect to any Title VII retaliation claim because he does not clearly set forth any factual allegations in his charge of discrimination supporting such a claim.

Turning to my analysis, exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court. *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997); *Khader v. Aspin*, 1 F.3d 968 (10th Cir. 1993). This requirement serves the purpose of giving the agency the information it needs to investigate and resolve the dispute between the employee and the employer. *Khader,* 1 F.3d at 971. As a requirement of exhaustion, a Title VII plaintiff generally cannot bring claims in a lawsuit which were not included in the underlying EEOC charge. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974).

To determine whether Plaintiff Claiborne has exhausted administrative remedies for the retaliation claim, I must determine the scope of allegations contained in the EEOC charge. *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 1997). That is because "[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.*; *see also Jones v. Sumser Ret. Vill.,* 209 F.3d 851, 853 (6th Cir.2000) ("[T]he facts alleged in the charge must be sufficiently related to the claim such that those facts would prompt an investigation of

the claim."). The court is to "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." *Jones*, 502 F.3d at 1186.

In the case at hand, it is undisputed that Plaintiff Claiborne checked only the boxes marked "race" and "color" in his charge and did not check the box pertaining to retaliation. As Defendant notes, "[t]he failure to mark a particular box creates a presumption that the charging party is not asserting claims represented by that box." *Id.* "The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim." *Id.* I find that the presumption has been rebutted in this case.

Specifically, while Claiborne did not check the retaliation box, he specifically alleges in the charge that following his complaints about harassing treatment and a report to the local news station, he "was retaliated against and isolated by my co-workers and supervisors." (Ex. A to Mot. to Dismiss at 2.) While this does not provide any details regarding the alleged retaliation, the Intake Questionnaire that Claiborne filled out gave specific details of the retaliation. (Ex. 1 to Pl.'s Resp. to Mot. to Dismiss.) Claiborne also checked the box for retaliation in the Questionnaire.

I find that the foregoing should have triggered an inquiry into whether Claiborne was retaliated against. *See Jones*, 502 F.3d at 1185-87. In other words, an investigation into whether Claiborne was retaliated against "'can reasonably be expected to follow the charge.'" *Id.* at 1187 (quotation omitted). Claiborne's claim of retaliation is therefore within the scope of the charge and I deny Defendant's motion to dismiss as to this issue.

2.    <u>Events Prior to the Charges Which Were Not Included in the EEOC Charges</u>

I now turn to Defendant's argument that the EEOC charges filed by Plaintiffs in February and March of 2008 (Exhibits A and B to the Motion to Dismiss) do not refer to events in 2007 which Plaintiffs allege in their Complaint.  These allegations include: 1) claims contained in paragraph 23 that the word "Popeyes" was written next to Plaintiff David Frazier's ("Frazier") name in August of 2007; 2) claims contained in paragraph 27 that a co-worker referred to certain music Frazier was listening to as "jungle shit" in October of 2007; and 3) claims contained in paragraph 37 relating to the issuance of "used" uniforms in December of 2007 to Frazier.  Defendant argues that since these allegations were not alleged or referenced in the EEOC charges, Plaintiffs are barred from pursuing these allegations in this lawsuit.  Plaintiffs argue in response that these acts are not barred because they are part of a course of repeated harassment contributing to a hostile work environment claim.

I agree with Defendant that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2000).  These incidents include "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire."  *Id.*  Each discrete discriminatory acts starts a new clock for filing charges alleging that act."  *Id.* at 113.  The limitations period will begin to run for each individual act from the date on which the act occurs and exhaustion of administrative remedies is required as to that act.  *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1185 (10th Cir. 2003).  A plaintiff cannot use a continuing violation

theory to bring suit for employment practices which occurred prior to the limitations period. *Id*.; *see also Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003).

However, "[h]ostile work environment claims are different in kind from discrete acts" as "[t]heir very nature involves repeated conduct." *Nat'l R.R.*, 536 U.S. at 115, 123. "The 'unlawful employment practice' therefore cannot be said to occur on any particular day." *Id.* at 115. "It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment cannot be actionable on its own." *Id.* As to such a claim, if any act that is part of the hostile work environment falls within the limitations period, the employee may include all other related acts in the charge. In other words, the employee may refer to hostile acts that occurred earlier, because "the entire hostile work environment encompasses a single unlawful employment practice." *Nat'l R.R.*, 536 U.S. at 117.

In this case Plaintiff alleges that the acts at issue are part of the hostile work environment claim and Defendant has not specifically refuted that argument. Under the *Morgan* rationale, I find that Plaintiffs were not required to exhaust administrative remedies with respect to all of the hostile work environment allegations because they were not discrete acts. Accordingly, the hostile work environment claim can include all acts related to the claim, even though some of those acts were not referenced in the EEOC charge. Defendant's motion to dismiss is thus denied as to this issue.

### 3.    Acts Occurring After the Charges Were Filed

Finally, Defendant argues that certain discrete events and acts alleged in the complaint occurred after Plaintiffs filed their charges of discrimination and were not included in the EEOC charges. Plaintiffs allege in the complaint additional discrete acts

such as: 1) Frazier allegedly transferred to another Arapahoe County office in May of 2008 to complete "light duty" work; 2) Frazier allegedly received an "unduly adverse" performance review in December of 2008; 3) Defendant allegedly failed to accommodate Claiborne and Frazier's work restrictions and allegedly "discouraged Frazier from attending necessary medical appointments"; and 4) Plaintiffs received work assignments that were not desirable. Defendant asserts that these discrete acts must be dismissed since Plaintiffs did not file an EEOC charge with respect to same.

I first grant the motion to dismiss as to the reference in the Third Claim for Relief to Frazier's alleged denial of a promotion and his termination of employment. Plaintiffs acknowledge that these are discrete acts which Frazier did not file EEOC charges as to. Accordingly, dismissal is appropriate under the above authority.

However, I deny the motion to dismiss as to the other "acts" referenced above and pled in the complaint. I agree with Plaintiff that these acts can properly be considered as part of the hostile work environment claim, even though they occurred after the filing of the EEOC charges. *See Duncan v. Manager, Dept. of Safety*, 397 F.3d 1300, 1310 (10th Cir. 2005) ("*Morgan* specifically provides that the hostile work environment underlying a Title VII claim may include acts taking place after the plaintiff files an EEOC charge if those acts contribute to the same hostile work environment that existed during the filing period").

IV.   CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Partial Motion to Dismiss Second Amended and Supplemental Complaint and Jury Demand [doc. # 39] is **GRANTED IN PART AND**

**DENIED IN PART**.  Specifically, the Motion to Dismiss is **GRANTED** as to the

allegations in the Third Claim for Relief that Plaintiff Frazier was denied a promotion and

later terminated from employment and **DENIED** as to all other arguments.

Dated:  March 10, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge